# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL AVALOS, | **Case No. 1:15-cv-00369-AWI-JLT (PC)** |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS DEFENDANTS SMITH AND TYLER AND ALL CLAIMS AGAINST THEM** |
| v. | |
| CARPENTER, et al., | |
| Defendants. | **(Doc. 12)** |
| | **TWENTY-ONE DAY DEADLINE** |

## I. INTRODUCTION

This action is proceeding on Plaintiff's claims that Defendants Officer Carpenter, Captain S. Smith, and Sergeant N. Tyler were deliberately indifferent to a known serious risk of harm to Plaintiff in violation of the Eighth Amendment. (*See* Doc. 9.)

On November 3, 2015, Capt. Smith and Sgt. Tyler filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff's allegations fail to state a claim against them upon which relief can be granted. (Doc. 12, MTD.) For the reasons discussed herein, the Court recommends the motion be **GRANTED**.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. Dismissal is proper if there is a lack of a cognizable legal theory, or the absence of sufficient facts alleged

under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).  Pleadings of prisoners proceeding *pro se* are liberally construed and any doubt is resolved in the inmate's favor. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Further, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216-17.  "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible.  The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable.  The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'" *Id.* (emphasis in original).  "Rule 8(a) '*does not impose a probability requirement at the pleading stage*; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations." *Id.*, quoting *Twombly*, 550 U.S. at 556 (emphasis added in *Starr*).

///

### III. DISCUSSION

#### A. Defendants' Motion

Defendants argue that Plaintiff fails to state a cognizable claim of supervisory liability under section 1983 against them as his allegations fail to show either they personally/directly participated in a constitutional violation, (Doc. 12, MTD, 2:1-3, 3:17-6:28), or an affirmative causal link between their conduct and violation of his constitutional rights, (*id.*, at 7:1-20).

#### B. Plaintiff's Allegations

Plaintiff alleges that on January 30, 2014, C/O Carpenter was working as D-5 control officer and opened Plaintiff's cell door "for medical." (Doc. 1, p. 3.) Prior to that day there was a stabbing which caused implementation of a lockdown memorandum/matrix requiring all inmate movement to be escorted and in restraints. (*Id.*) Capt. Smith and Sgt. Tyler knew of the lockdown requirements and the reasons behind it, but failed to enforce it. (*Id.*) This resulted in C/O Carpenter, who also had full knowledge of the lockdown and the reason behind it, to disregard it by opening various inmates' cell doors that day, allowing them unrestrained and unescorted movement, which resulted in Plaintiff being attacked. (*Id.*) The exhibits attached to the Complaint show that this altercation involved not only Plaintiff and another inmate, but four inmates total (*id.*, pp. 4, 18, 21-23, 29, 30, 32-40, 43, 47) and that various of the incident reports regarding the altercation specifically noted that the inmates involved were seen walking around the bottom tier area unrestrained (*id.*, at pp. 32, 40, 43).

#### C. Analysis

Plaintiff is proceeding against Defendants for violation of his rights under the Eighth Amendment for deliberate indifference to a known serious risk of harm.

Under the Eighth Amendment, prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing

1  *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).  This involves both objective
2  and subjective components.

3  First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure
4  to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a
5  substantial risk of serious harm." *Farmer,* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349,
6  (1981).  Second, subjectively, the prison official must "know of and disregard an excessive risk to
7  inmate health or safety." *Farmer,* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th
8  Cir. 1995).  A prison official must "be aware of facts from which the inference could be drawn
9  that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, at
10 837.  Liability may follow only if a prison official "knows that inmates face a substantial risk of
11 serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at
12 847.

13 Defendants do not challenge the cognizability of Plaintiff's claim against C/O Carpenter
14 for his personal actions which amounted to deliberate indifference to a serious risk of harm to
15 Plaintiff in violation of the Eighth Amendment.  Rather, they assert that Plaintiff's allegations
16 against Capt. Smith and Sgt. Tyler do not sufficiently demonstrate their personal involvement and
17 the requisite causation.

18 Supervisory personnel may not be held liable under section 1983 for the actions of
19 subordinate employees based on *respondeat superior*, or vicarious liability.  *Crowley v. Bannister*,
20 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726
21 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir.
22 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the
23 constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's
24 wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Snow*, 681
25 F.3d at 989) (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693
26 F.3d at 915-16.  Under the later theory, the requisite causal connection can be established by
27 setting in motion a series of acts by others, *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011), or
28 by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or

4

reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001). "A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement -- and the liability -- of that supervisor." *Starr*, 652 F.3d at 1206-07.

      Plaintiff's allegations that Defendants Capt. Smith and Sgt. Tyler knew that a prior stabbing caused D yard facility to be on lockdown and that the memorandum/matrix specifically required inmates to be restrained and escorted at all times, yet failed to enforce the memorandum/matrix which resulted in Plaintiff being involved in an altercation were leniently construed upon screening to state a cognizable claim. However, in his opposition to the current motion, Plaintiff focuses on his allegations against C/O Carpenter and statements made by another officer in the course of the RVR Hearing to the effect that Plaintiff did not engage in the fight, but rather appeared to hold on to his attacker in an attempt to avoid being punched. (Doc. 23.) Plaintiff fails to present basis for inferences to be drawn and reasonable doubts to be resolved in his favor as he does not address *any* of Defendants' arguments. Further, Plaintiff did not make any effort to present factual basis upon which to infer that Defendants Capt. Smith and Sgt. Tyler "knowingly refused to terminate a series of acts by others, which [they] knew or reasonably should have known would cause others to inflict a constitutional injury." *Dubner*, 266 F.3d at 968. Thus, Plaintiff fails to provide any basis upon which to find that his claims against Smith and Tyler are based on their personal actions/inactions as opposed to vicarious liability solely on the acts of their subordinate, Defendant C/O Carpenter. Because of this, and particularly in light of his multiple previous attempts at amendment, granting further leave to amend would be futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

      Accordingly, Defendants' motion to dismiss Capt. Smith and Sgt. Tyler and all claims against them should be granted since Plaintiff fails to advance a plausible alternative explanation to Defendants' assertion that his allegations do not establish their personal involvement or the requisite causal link for a cognizable claim. *Starr*, 652 F.3d at 1216-17.

///

## IV. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Defendants' motion, filed on November 3, 2015 (Doc. 12), to dismiss Defendants Capt. S. Smith and Sgt. N. Tyler and all claims against them, should be **GRANTED** and Defendants Capt. S. Smith and Sgt. N. Tyler and all claims against them should be **DISMISSED with prejudice**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 23, 2016**                     **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE