# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL AVALOS,<br><br>              Plaintiff,<br><br>      v.<br><br>CARPENTER,<br><br>              Defendant. | 1:15-cv-00369-LJO-JLT (PC)<br><br>**ORDER GRANTING DEFENDANT'S MOTIONS TO COMPEL**<br><br>(Docs. 26, 27, 28) |

**I. Background**

On July 8, 2016, the only remaining Defendant in this action, Carpenter, filed three motions to compel: (1) to compel Plaintiff to respond to deposition questions regarding his mental health condition and treatment received for it prior to the events at issue in this action (Doc. 26); (2) to compel Plaintiff to produce documents in response to requests for production (Doc. 27); and (3) to compel Plaintiff to provide responses to interrogatories (Doc. 28). Plaintiff filed an opposition in which he states that the documents and/or information Defendant seeks "is not entirely available" to him; that he's not the custodian of CCI's records, but that Defendant may subpoena CCI's records; that he produced some documents that Defendant requested at his deposition; and that in his deposition, he told defense counsel that he will produce documents and provide the responses sought if Defendant obtained a court order directing it, but that he believed

1

1 his prior condition is not related and played no part in his injuries from this incident. (Doc. 38.)

2 **II. Motions to Compel Discovery**

Parties are entitled to seek discovery of any non-privileged matter that is relevant to any claim and/or defense in the action. Fed. R. Civ. P. 26(b)(1). The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* This defines the scope of discovery in federal civil litigation in general. The party responding to discovery requests shall use common sense and reason. *E.g.*, *Collins v. Wal-Mart Stores, Inc.,* No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). Hyper-technical, quibbling, or evasive objections are not viewed with favor. Further, the responding party has a duty to supplement any previously provided responses if the information sought is later obtained, or the response provided needs correction. Fed. R. Civ. P. 26(e).

The Discovery and Scheduling Order limits the parties to 25 interrogatories as permitted by Federal Rule of Civil Procedure 33; 25 requests for admission made according to Federal Rule of Civil Procedure 36; and 25 requests for production made according to Federal Rule of Civil Procedure 34.

If the responding party objects to a discovery request, it is the moving party's burden, in a motion to compel, to demonstrate why the objection is not justified. In general, the moving party must inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, inform the Court why the information sought is relevant, why the response is deficient, and why any objections stated are not justified.

**A. Plaintiff's Mental Health Condition**

It appears that Plaintiff feels that his prior mental/emotional health treatment is off limits. In general, a party's medical records are protected by the right to privacy. *See Bertram v. Sizelove*, 2012 WL 273083, at *2 (E.D. Cal. Jan. 30, 2012). However, privacy rights in medical records are neither fundamental, nor absolute. *Whalen v. Roe*, 429 U.S. 589, 603-604, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977). The holder of a privacy right can waive it through a variety of acts, including by written authorization, or as Plaintiff has done here, instituting a lawsuit. *Id*. Privacy

1  rights are waived if the party puts their medical condition, and thus the contents of their medical
2  records, at issue in a case. *Smith v. Solano Cnty.*, 2012 WL 3727332, at *1 (E.D. Cal. Aug. 24,
3  2012); *Bertram*, 2012 WL 273083, at *3.

4  Plaintiff seeks damages from Defendant for mental/emotional injuries that he alleges were
5  caused by the incidents at issue in this case. By doing so, Plaintiff placed his mental/emotional
6  condition in issue in this case. *See In re Lifschutz*, 2 Cal.3d 415, 433-34, 85 Cal.Rptr. 829, 467
7  P.2d 557 (1970) (under California law, the patient-physician privilege is waived where the
8  patient's specific medical condition is placed into issue by the patient); *see also Sarko v. Penn-Del*
9  *Directory Co.*, 170 F.R.D. 127, 130 (E.D.Pa.1997) (under federal law, the privilege may be
10 waived when the patient files a lawsuit that places the content of the privileged communications
11 in issue); *Vann v. Lone Star Steakhouse & Saloon, Inc.*, 967 F.Supp. 346, 349-50 (C.D.Ill.1997);
12 *cf. Home Indem. Corp. v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir.1995)
13 (applying waiver to the attorney-client privilege).

14 Any waiver, however, is "limited to the private information that is relevant to the lawsuit."
15 *Enwere v. Terman Associates, L.P.,* 2008 WL 5146617, at *2 (N.D. Cal. Dec. 4, 2008) (citation
16 omitted). Thus, records of mental/emotional care and treatment that Plaintiff received within a
17 couple years prior to, and all years subsequent to, the alleged incidents in this action are at issue
18 and Defendant is entitled to them.

19 However, if Plaintiff values his privacy in those records over the mental/emotional
20 damages he allegedly sustained as a result of Defendant's actions in this case, within 15 days of
21 the date of service of this order, he may file a statement withdrawing any and all claims for
22 mental/emotional damages, signed under penalty of perjury, titled "Plaintiff's Waiver of
23 Mental/Emotional Damages." If Plaintiff files such a waiver, he will no longer be able to obtain
24 monetary damages for mental/emotional injuries. Thereafter, Defendant will no longer be
25 entitled to discover information concerning Plaintiff's mental health in this action and Plaintiff
26 will not be required to produce them.

27  **B. Interrogatory Responses**

28  Parties may propound interrogatories on other parties in an action. Fed. R. Civ. P. 33.

3

The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). Failure to timely serve responses waives objections to the interrogatories. Fed. R. Civ. P. 33(b)(4).

Plaintiff's complete failure to respond to Defendant's interrogatories has affected a waiver of any objections that he might otherwise have raised. Defendant is entitled to a response to each of his interrogatories and his motion to compel is **GRANTED**. Plaintiff must provide response to all of Defendant's interrogatories. However, if Plaintiff withdraws his claim of mental/emotional damages, as described above, he need not respond to any interrogatories related to these damages.

**B. Production of Documents**

Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995). Accordingly, a party may be required to produce documents turned over to an agent, such as its attorney or insurer. *E.g., Henderson v. Zurn Indus.*, 131 F.R.D. 560, 567 (S.D. Ind.1990).

Though Defendant's motion to compel indicates that he has not received Plaintiff's response to his request for production, (Doc. 27, 2:2:6-11), apparently Plaintiff has produced some documents, because in the reply, Defendant indicated that at Plaintiff's deposition, Plaintiff admitted that he has received mental health records that he has not produced (Doc. 39, 2:10-12) and seeks for Plaintiff to produce all responsive documents in his possession, custody, or control (*id.*, at 2:12-14). In his opposition, Plaintiff acknowledges that he stated in his deposition that he would produce the documents he has of his prior mental health care and treatment if ordered to do so by this Court. Defendant's motion to compel is **GRANTED** as he is entitled to obtain Plaintiff's health records from before and after the incidents in this action. Plaintiff must produce all medical records, including those on mental/emotional care and treatment received, in his

possession, custody, or control from two years prior to the incidents in this action to date. If Plaintiff withdraws his claim of mental/emotional damages, he need not produce any records for mental/emotional care and treatment.

### C. Deposition Questions

Federal Rule of Civil Procedure 37 allows a party to depose opposing parties and witnesses. Defendant submitted evidence showing that Plaintiff refused to respond to a number of questions regarding treatment that he received for his mental/emotional health in the year or so prior to the incidents at issue in this action. As discussed above, Plaintiff placed his mental/emotional health in issue by seeking damages for injuries to his mental/emotional health as a part of this action. Information as to all mental/emotional care and treatment Plaintiff received in the year prior to the incidents at issue as well as subsequent thereto are therefore relevant and Defendant is entitled to answers to that line of questioning.

Defendant's motion to compel responses from Plaintiff to his deposition questions is **GRANTED**. If Defendant prefers, he may propound interrogatories on this issue instead of re-deposing Plaintiff. While any such interrogatories will not count towards the 25 limit, Defendant may propound no more than 15 interrogatories on Plaintiff concerning his mental/emotional care and treatment and is limited to requesting information from two years prior to the incidents in question in this action to the date they are served on Plaintiff. If Plaintiff withdraws his claim of mental/emotional damages, he need not respond to any questioning thereon.

### IV. Conclusion

Accordingly, it is the Courts **ORDERS**:

(1) Defendant's motion to compel Plaintiff to answer deposition questions and to produce documents, filed on July 8, 2016 (Doc. 26), is **GRANTED**

(2) Defendant's motion to compel production of documents, filed on July 8, 2016 (Doc. 27), is **GRANTED**;

(3) Defendant's motion to compel Plaintiff to respond to his interrogatories, filed on July 8, 2016 (Doc. 28), is **GRANTED**;

(4) Plaintiff **SHALL** serve all document production and responses to Defendant's

5

interrogatories, as discussed herein, within **30 days** of the date of service of this order; and

(5) If Plaintiff desires to withdraw his claims of mental/emotional injury, within **15 days** of the date of service of this order, he **SHALL** file a notice "Plaintiff's Waiver of Mental/Emotional Damages," signed under penalty of perjury.[1]

IT IS SO ORDERED.

Dated:   **January 26, 2017**                             /s/ Jennifer L. Thurston
                                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Any such waiver will only relieve Plaintiff of his obligation to provide responses to discovery pertaining to his prior and present mental/emotional health care and treatment.  He is still required to provide response to all other outstanding discovery.