# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL AVALOS,<br><br>    Plaintiff,<br><br>v.<br><br>CARPENTER, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00369-LJO-JLT (PC)<br><br>**ORDER DENYING DEFENDANT'S BILL OF COSTS**<br><br>(Doc. 49) |

## I. Background

Angel Avalos ("Plaintiff") is a state prisoner proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was resolved by grant of Defendant's motion for summary on November 8, 2017. (Doc. 47.) Defendant filed his bill of costs on November 22, 2017, seeking $1,533.29. (Doc. 49.) For the reasons discussed below, Defendant's taxation of costs against Plaintiff is GRANTED IN PART.

## II. Standards

Fed. R. Civ. P. 54(d)(1) states:

> Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party
> ...

1

The types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). In pertinent part, 28 U.S.C. § 1920 states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

While the rule creates a presumption in favor of awarding costs to a prevailing party, district courts have "wide discretion" in determining whether and to what extent prevailing parties may be awarded costs pursuant to Rule 54(d). *K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969); *see, Assoc. of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). However, "this discretion is not unlimited. A district court must 'specify reasons' for its refusal to award costs." *Assoc. of Mexican-American Educators*, 231 F.3d at 592 (quoting, *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)). The reasons specified must "explain why a case is not ordinary and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Id.* at 593 (internal quotation marks omitted).

The Ninth Circuit has approved the following reasons for refusing to award costs to a prevailing party: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) the chilling effect of imposing such high costs on future civil rights litigants; (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented issues of national importance. *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010) (citing *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003)); *Assoc. of Mexican-American Educators*, 231 F.3d at

592 (reciting similar factors). However, this is not "an exhaustive list of 'good reasons' for declining costs." *Assoc. of Mexican-American Educators*, 231 F.3d at 593.

In civil rights cases, a court abuses its discretion when it awards costs against a losing plaintiff without considering the plaintiff's limited financial resources. *Assoc. of Mexican-American Educators*, 231 F.3d at 592; *Stanley v. University of Southern California*, 178 F.3d 1069, 1079-80 (9th Cir. 1999). It is not necessary to find that Plaintiffs is currently indigent. *Stanley*, 178 F.3d at 1079-80 (indicating the proper inquiry is whether an award of costs might make a plaintiff indigent). In the case at bar, Plaintiff is an inmate, proceeding *in forma pauperis*, which certainly qualifies as limited financial resources.

Further, Plaintiff's *in forma pauperis* and incarceration status combine to establish his limited financial resources. Also, there is neither evidence of misconduct nor bad faith in this litigation by Plaintiff. Finally, as this Court has stated in the past, while it is "what some may call 'inundated' with similar cases filed under section 1983 by indigent inmates, the potential chilling effect of being taxed with costs upon defeat cannot be ignored in cases such as these." *See Draper v. Rosario*, 836 F.3d 1072, 1088-89 (9th Cir. 2016) (citing, *Baltimore v. Haggins*, No. 1:10-cv-00931-LJO-JLT, 2014 WL 804463, at *2 (E.D. Cal. Feb. 27, 2014) (denying $1,462.61 in costs); *Meeks v. Parsons*, No. 1:03–CV–6700 OWW, 2010 WL 2867847, at *2 (E.D. Cal. July 21, 2010) (denying the defendants' motion to recover costs, in part because "an award has the potential to chill meritorious civil rights actions"); *Jimenez v. Sambrano*, No. 04CV1833 L, 2009 WL 937042, at *1 (S.D. Cal. Apr. 6, 2009) (granting a motion to re-tax costs because "[a]warding a large sum of costs against Plaintiff may have a chilling effect on future civil rights litigants").

Nonetheless, the summary judgment ruling in this case concluded that plaintiff failed to present any facts to create a material dispute as to his allegation of deliberate indifference. (Docs. 46 & 47). Moreover, Plaintiff failed to file any opposition to the motion for summary judgment. The case was therefore neither close nor difficult. Based upon the whole record, the Court concludes that a modest costs award is appropriate under these circumstances. An award of $50 in costs strikes a balance between avoiding a chilling effect on future civil rights litigants

on the one hand and dis-incentivizing the filing of cases that lack factual merit on the other.

### III. **Order**

For the reasons set forth above, Defendant's Bill of Costs, filed November 11, 2017 (Doc. 49), is GRANTED IN PART. Defendant shall recover costs in the amount of $50, to be deducted from Plaintiff's prisoner account at the rate of $5 per month until paid in full.

IT IS SO ORDERED.

Dated: **January 17, 2018**      **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE